

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-86,209-01

**EX PARTE ROBERT MOORE, JR.**
**AKA ROBERT NATHAN MOORE, JR., Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 2011-433,247-A IN THE 137TH DISTRICT COURT
## FROM LUBBOCK COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of marihuana and sentenced to fifteen years' imprisonment. The Seventh Court of Appeals affirmed his conviction. *Moore v. State*, No. 07-13-00270-CR (Tex. App.—Amarillo Apr. 24, 2014) (not designated for publication).

Applicant contends, among other things, that trial counsel failed to object on confrontation clause grounds to Officer Benito Gonzales's testimony.

2

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether: (1) Officer Gonzales's testimony was objectionable on confrontation clause grounds, *see Langham v. State*, 305 S.W.3d 568, 579–80 (Tex. Crim. App. 2010); (2) counsel objected; (3) if he did not, he made a reasonable strategic decision not to do so; (4) counsel's conduct was deficient; and (5) Applicant was prejudiced. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: March 1, 2017
Do not publish